## 12653. · RODGERS *v.* THE STATE.

Where a judge, near the beginning of his charge, told the jury that "the defendant comes into this court with the presumption of innocence around about him, and that presumption remains with him until it is removed by evidence sufficient to convince you, and that beyond a reasonable doubt, of his guilt," it was error, requiring the grant of a new trial, for the judge, near the conclusion of his charge, to say to the jury that in considering the case they should "take away the personality of the defendant — the personal presumption; take away all things that may hang in your mind."

DECIDED NOVEMBER 16, 1921.

Indictment for possessing liquor; from Lincoln superior court — Judge Shurley. June 16, 1921.

*Burnside & McWhorter,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. Just after stating the issue raised by the indictment and the plea of the defendant, the judge charged the jury as follows: "The defendant comes into this court with the presumption of innocence around about him, and that presumption remains with him until it is removed by evidence sufficient to convince you, and that beyond a reasonable doubt, of his guilt." Near the conclusion of his charge the judge told the jury: "Take this case, gentlemen, consider it from the evidence and the prisoner's statement and those things alone. Take away the personality of the defendant — the personal presumption; take away all things that may hang in your mind, weigh it according to the law as given you in charge and the evidence as delivered from the stand, and render your verdict; and when you have considered your verdict and made your verdict, write it on this indictment, date it and sign it, and return it into court. Retire, gentlemen, and make up your verdict." It is insisted by counsel for the plaintiff in error that this charge "might well be construed by the jury to mean that they should take away from their consideration of the case the presumption of innocence, since a defendant in the trial of a criminal case has no personal presumption other than the legal presumption of his innocence. The instruction, 'Take away all things that may hang in your mind,' used in the connection as above quoted, was confusing to the jury, and probably caused them to absolutely disregard the legal presumption of the defendant's innocence, which the court near the beginning of his charge had

instructed the jury was with the defendant and remained with him until sufficient [evidence had been introduced] to convince them beyond a reasonable doubt of the defendant's guilt, remove the presumption of his innocence. Now at the close of the charge, to instruct the jury, in substance, not to consider the personal presumption of the defendant, amounted to an expression of an opinion on the part of the court, when considered in connection with the first instruction in regard to the presumption of innocence, that sufficient proof had been submitted to remove this presumption." The charge of which complaint is made is inapt, inaccurate, and erroneous, and such as might have misled the jury, and requires the grant of a new trial.

It is unnecessary to consider the other grounds of the amendment to the motion for a new trial, as the alleged errors are such as are not likely to reappear on a second trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*